UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                               :

RAFAEL CASTELLANOS, on behalf of himself  :
and all others similarly situated,
                                                               :

            Plaintiff,                              :           ORDER
                                                                :           11-CV-0245 (JFB) (ARL)

                – against –                    :
                                                                 :

DELI CASAGRANDE CORPORATION, and     :
RAFEAL GONZALEZ,
                                                                 :

            Defendants.                          :
                                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JOSEPH F. BIANCO, District Judge:

On January 18, 2011, Rafael Castellanos ("plaintiff") filed the complaint in this action against Deli Casagrande Corporation and Rafael Gonzalez ("defendants"). Defendants answered the complaint on March 25, 2011. Defendants filed an amended answer on June 14, 2011.

On September 7, 2011, Bruce Kennedy, attorney for defendants, moved to withdraw as counsel of record. The Court granted counsel's motion to withdraw on December 16, 2011, and gave defendant Gonzalez forty-five days to inform the Court as to whether he would be proceeding *pro se* or whether he intended to retain new counsel. The Court also informed defendant Casagrade that it could not proceed *pro se*, and set a deadline of January 31, 2012 for defendant Casagrade to inform the Court as to why no attorney had appeared on its behalf. The Court warned defendants that failure to comply with these directives would "result in the Court permitting plaintiff to move to have the answer stricken and a default judgment entered against the defendant or defendants who fail to comply." (Dec. 16, 2011 Order, ECF No. 22.) Defendants failed to comply with these directives, and on February 17, 2012, plaintiff moved to strike defendants' answer and for entry of a default judgment against both defendants. The Court

gave defendants an opportunity to oppose plaintiff's motion and warned that failure to do so would "result in the entry of a default judgment, and an inquest hearing to determine damages." (Feb. 21, 2012 Order, ECF No. 26.) Defendants failed to respond and, on May 30, 2012, the Court granted plaintiff's motion and entered a default judgment against defendants.

On July 31, 2012, plaintiff filed a motion for sanctions in the form of a default judgment. By Order dated October 3, 2012, the Court referred the motion to Magistrate Judge Tomlinson for a report and recommendation to address the issue of damages and other relief sought by plaintiff.

On March 7, 2013, Magistrate Judge Tomlinson issued a Report and Recommendation (the "R&R"), recommending that a default judgment be entered against defendants, jointly and severally, in the amount of $202,056.74 ($187,617.24 in actual and liquidated damages and $14,439.50 in attorney's fees and costs). The R&R further instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* Report and Recommendation dated Mar. 7, 2013, at 25.) As indicated by the docket sheet, copies of the R&R were served upon both defendants on March 8, 2012. (*See* ECF Nos. 52 & 53.) No objections have been filed to date, although the date for filing any objections has expired.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge.  *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988).  As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous.  *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997)

Having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety.  Even under a *de novo* standard, the Court adopts the R&R in its entirety.  Accordingly, IT IS HEREBY ORDERED that a default judgment be entered against defendants, jointly and severally, in the amount of $202,056.74 (this figure being comprised of $187,617.24 in actual and liquidated damages and $14,439.50 in attorney's fees and costs). The Clerk of the Court shall enter judgment accordingly and close the case.

        SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:      March 25, 2013
           Central Islip, New York